**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**AT CLARKSBURG**

| | |
|---|---|
| PFIZER INC., WARNER-LAMBERT COMPANY LLC and PF PRISM IMB B.V. *Plaintiffs*, v. MYLAN PHARMACEUTICALS INC. *Defendant*. | C.A. No. 1:20-cv-00244-TSK |

**FIRST AMENDED COMPLAINT**

Plaintiffs Pfizer Inc.; Warner-Lambert Company LLC; and PF PRISM IMB B.V. (collectively, "Pfizer") file this First Amended Complaint for patent infringement against Mylan Pharmaceuticals Inc. ( "Mylan"), and by their attorneys, hereby allege as follows:

1.     This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, and for a declaratory judgment of patent infringement under 28 U.S.C. §§ 2201 and 2202 and the patent laws of the United States, Title 35, United States Code, that arises out of Mylan's submission of an Abbreviated New Drug Application ("ANDA") to the U.S. Food and Drug Administration ("FDA") seeking approval to commercially manufacture, use, offer for sale, sell, and/or import generic versions of IBRANCE® (palbociclib) capsules, 75 mg, 100 mg, and 125 mg, prior to the expiration of U.S. Patent No. 10,723,730 ("the '730 patent").

2.     Mylan Pharmaceuticals Inc. notified Pfizer by letter dated September 3, 2020 ("Mylan's Notice Letter") that it had submitted to the FDA ANDA No. 213141 ("Mylan's ANDA"), seeking approval from the FDA to engage in the commercial manufacture, use, and/or sale of generic Palbociclib capsules, 75 mg, 100 mg, and 125 mg ("Mylan's ANDA Product")

prior to the expiration of the '730 patent.  Mylan's Notice Letter purported to include an "Offer of Confidential Access" to Pfizer to Mylan's ANDA.  In an exchange of correspondence, counsel for Mylan and counsel for Pfizer discussed the terms of Mylan's Offer of Confidential Access, though the parties were unable to agree on terms under which Pfizer could review the internal documents, data and/or samples relevant to infringement.

## PARTIES

3.     Plaintiff Pfizer Inc. is a corporation organized and existing under the laws of the State of Delaware and having a place of business at 235 East 42nd Street, New York, New York 10017.  Pfizer Inc. is the holder of New Drug Application ("NDA") No. 207103 for the manufacture and sale of palbociclib capsules, 75 mg, 100 mg, and 125 mg, which has been approved by the FDA.

4.     Warner-Lambert Company LLC is a limited liability company organized and existing under the laws of the State of Delaware, and having a place of business at 235 East 42nd Street, New York, New York 10017.

5.     PF PRISM IMB B.V. is a private limited company (*besloten venootschap*) organized under the law of the Netherlands, having its registered seat in Rotterdam, the Netherlands, and having its business address at Rivium Westlaan 142, 2909 LD, Capelle aan den IJessel, the Netherlands.

6.     Upon information and belief, defendant Mylan Pharmaceuticals Inc. is a corporation organized and existing under the laws of the State of West Virginia with its principal place of business at 781 Chestnut Ridge Road, Morgantown, West Virginia 26505.  Upon information and belief, Mylan Pharmaceuticals Inc. is in the business of, among other things,

manufacturing and selling generic versions of branded pharmaceutical products for the U.S. market.

7.      Upon information and belief, Mylan Pharmaceuticals Inc. is a wholly owned subsidiary of Mylan Inc.

8.      Upon information and belief, Mylan Inc. and Mylan Pharmaceuticals Inc. acted in concert to prepare and submit Mylan's ANDA to the FDA.

9.      Upon information and belief, Mylan Pharmaceuticals Inc. and Mylan Inc. know and intend that upon approval of Mylan's ANDA, Mylan Pharmaceuticals Inc. will manufacture Mylan's ANDA Product and Mylan Inc. will directly or indirectly market, sell, and distribute Mylan's ANDA Product throughout the United States, including in West Virginia.   Upon information and belief, Mylan Pharmaceuticals Inc. and Mylan Inc. are agents of each other and/or operate in concert as integrated parts of the same business group, including with respect to Mylan's ANDA Product, and enter into agreements with each other that are nearer than arm's length.  Upon information and belief, Mylan Inc. participated in, assisted, and cooperated with Mylan Pharmaceuticals Inc. in the acts complained of herein.

10.      Upon information and belief, following any FDA approval of Mylan's ANDA, Mylan Pharmaceuticals Inc. and Mylan Inc. will act in concert to distribute and sell Mylan's ANDA Product throughout the United States, including within West Virginia.

## JURISDICTION AND VENUE

11.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12.      Mylan Pharmaceuticals Inc. is subject to personal jurisdiction in West Virginia because, among other things, it has purposely availed itself of the benefits and protections of West Virginia's laws such that it should reasonably anticipate being haled into court here. Mylan

Pharmaceuticals Inc. is a corporation organized and existing under the laws of the State of West Virginia, is qualified to do business in West Virginia, and has appointed a registered agent for service of process in West Virginia. It therefore has consented to general jurisdiction in West Virginia. Upon information and belief, Mylan Pharmaceuticals Inc. develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of West Virginia and therefore transacts business within the State of West Virginia related to Pfizer's claims, and/or has engaged in systematic and continuous business contacts within the State of West Virginia.

13.     Upon information and belief, if Mylan's ANDA is approved, Mylan will directly or indirectly manufacture, market, sell, and/or distribute Mylan's ANDA Product within the United States, including in West Virginia, consistently with Mylan's practices for the marketing and distribution of other generic pharmaceutical products.   Upon information and belief, Mylan regularly does business in West Virginia, and its practices with other generic pharmaceutical products have involved placing those products into the stream of commerce for distribution throughout the United States, including in West Virginia.   Upon information and belief, Mylan's generic pharmaceutical products are used and/or consumed within and throughout the United States, including in West Virginia.   Upon information and belief, Mylan's ANDA Product will be prescribed by physicians practicing in West Virginia, dispensed by pharmacies located within West Virginia, and used by patients in West Virginia.   Each of these activities would have a substantial effect within West Virginia and would constitute infringement of Pfizer's patent in the event that Mylan's ANDA Product is approved before the patent expires.

14.     Upon information and belief, Mylan derives substantial revenue from generic pharmaceutical products that are used and/or consumed within West Virginia, and which are

manufactured by Mylan and/or for which Mylan Pharmaceuticals Inc. or Mylan Inc. is the named applicant on approved ANDAs.  Upon information and belief, various products for which Mylan Pharmaceuticals Inc. or Mylan Inc. is the named applicant on approved ANDAs are available at retail pharmacies in West Virginia.

## COUNT I – INFRINGEMENT OF THE '730 PATENT

15.     Pfizer incorporates each of the preceding paragraphs 1–14 as if fully set forth herein.

16.     The inventors of the '730 patent are Brian Patrick Chekal and Nathan D. Ide.

17.     The '730 patent, entitled "Solid Forms of a Selective Cdk4/6 Inhibitor" (attached as Exhibit A), was duly and legally issued on July 28, 2020.

18.     Pfizer is the owner and assignee of the '730 patent.

19.     IBRANCE® is covered by one or more claims of the '730 patent, which has been listed in connection with IBRANCE® in the FDA's publication *Approved Drug Products with Therapeutic Equivalence Evaluations* (commonly known as "the Orange Book").

20.     In Mylan's Notice Letter, Mylan notified Pfizer of the submission of Mylan's ANDA to the FDA.  The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Mylan's ANDA Product prior to the expiration of the '730 patent.

21.     In Mylan's Notice Letter, Mylan also notified Pfizer that, as part of its ANDA, Mylan had filed a certification of the type described in Section 505(j)(2)(B)(iv) of the FDCA, 21 U.S.C. § 355(j)(2)(B)(iv), with respect to the '730 patent.  On information and belief, Mylan submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the '730 patent is invalid, unenforceable, and/or will not be

infringed by the manufacture, use, offer for sale, sale, and/or importation of Mylan's ANDA Product.

22.     On information and belief, Mylan's ANDA Product and the use of Mylan's ANDA Product are covered by one or more claims of the '730 patent, either literally or under the doctrine of equivalents.

23.     As an example, claim 1 of the '730 patent recites:

> A crystalline free base of 6-acetyl-8-cyclopentyl-5-methyl-2-(5-piperazin-1-yl-pyridin-2-ylamino)-8H-pyrido[2,3-d]pyrimidin-7-one, having a powder X-ray diffraction pattern comprising peaks at diffraction angles (2θ) of 8.0±0.2, 10.1±0.2 and 11.5±0.2 and a primary particle particle size distribution characterized by a D90 value of from about 30 μm to about 65 μm.

24.     On information and belief, Mylan's ANDA Product infringes claim 1 of the '730 patent, literally or under the doctrine of equivalents.

25.     Claim 7 of the '730 patent recites:

> A crystalline free base of 6-acetyl-8-cyclopentyl-5-methyl-2-(5-piperazin-1-yl-pyridin-2-ylamino)-8H-pyrido[2,3-d]pyrimidin-7-one, having a powder X-ray diffraction pattern comprising peaks at diffraction angles (2θ) of 8.0±0.2, 10.1±0.2 and 11.5±0.2 and a volume mean diameter characterized by a D[4,3] value of from about 15 μm to about 40 μm.

26.     On information and belief, Mylan's ANDA Product infringes claim 7 of the '730 patent, literally or under the doctrine of equivalents.

27.     Claim 15 of the '730 patent recites:

> A crystalline free base of 6-acetyl-8-cyclopentyl-5-methyl-2-(5-piperazin-1-yl-pyridin-2-ylamino)-8H-pyrido[2,3-d]pyrimidin-7-one, having a powder X-ray diffraction pattern comprising peaks at diffraction angles (2θ) of 8.0±0.2, 10.1±0.2 and 11.5±0.2 and a volume mean diameter characterized by a D[4,3] value of from about 15 μm to about 30 μm.

28.     On information and belief, Mylan's ANDA Product infringes claim 15 of the '730 patent, literally or under the doctrine of equivalents.

29.     Mylan's submission of Mylan's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Mylan's ANDA Product before the expiration of the '730 patent was an act of infringement of the '730 patent under 35 U.S.C. § 271(e)(2)(A).

30.     On information and belief, Mylan will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan's ANDA Product immediately and imminently upon approval of its ANDA.

31.     On information and belief, the manufacture, use, sale, offer for sale, or importation of Mylan's ANDA Product would infringe one or more claims of the '730 patent, either literally or under the doctrine of equivalents.

32.     On information and belief, the manufacture, use, sale, offer for sale, or importation of Mylan's ANDA Product in accordance with, and a directed by, its proposed product labeling would infringe one or more claims of the '730 patent.

33.     On information and belief, Mylan plans and intends to, and will, actively induce infringement of the '730 patent when Mylan's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval.  Mylan's activities will be done with knowledge of the '730 patent and specific intent to infringe that patent.

34.     On information and belief, Mylan knows that Mylan's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '730 patent, that Mylan's ANDA Product is not a staple article or commodity of commerce, and that Mylan's ANDA Product and its proposed labeling are not suitable for substantial noninfringing use.  On information and

belief, Mylan plans and intends to, and will, contribute to infringement of the '730 patent immediately and imminently upon approval of Mylan's ANDA.

35.    Notwithstanding Mylan's knowledge of the claims of the '730 patent, Mylan has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Mylan's ANDA Product with its product labeling following FDA approval of Mylan's ANDA prior to the expiration of the '730 patent.

36.    The foregoing actions by Mylan constitute and/or will constitute infringement of the '730 patent; active inducement of infringement of the '730 patent; and contribution to the infringement by others of the '730 patent.

37.    On information and belief, Mylan has acted with full knowledge of the '730 patent and without a reasonable basis for believing that it would not be liable for infringement of the '730 patent; active inducement of the '730 patent; and/or contribution to the infringement by others of the '730 patent.

38.    Pfizer will be substantially and irreparably harmed by infringement of the '730 patent.

39.    Unless Mylan is enjoined from infringing the '730 patent, actively inducing infringement of the '730 patent, and contributing to the infringement by others of the '730 patent, Pfizer will suffer irreparable injury.  Pfizer has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Pfizer requests the following relief:

(a)    A judgment that the '730 patent has been infringed under 35 U.S.C. § 271(e)(2) by Mylan's submission to the FDA of Mylan's ANDA;

(b)     A judgment ordering that the effective date of any FDA approval of commercial manufacture, use, or sale of Mylan's ANDA Product, or any other drug product that infringes or the use of which infringes the '730 patent, be not earlier than the expiration date of the '730 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(c)     A preliminary and permanent injunction enjoining Mylan, and all persons acting in concert with Mylan, from the commercial manufacture, use, sale, offer for sale, or importation into the United States of Mylan's ANDA Products, or any other drug product covered by or whose use is covered by the '730 patent, prior to the expiration of that patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(d)     A judgment declaring that the commercial manufacture, use, sale, offer for sale or importation of Mylan's ANDA Products, or any other drug product which is covered by or whose use is covered by the '730 patent, prior to the expiration of that patent, will infringe, induce the infringement of, and contribute to the infringement by others of, said patent;

(e)     A declaration that this is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

(f)     Costs and expenses in this action; and

(g)     Such further and other relief as this Court may deem just and proper.

Date: December 15, 2020

SCHRADER COMPANION DUFF & LAW, PLLC

*/s/ Sandra K. Law*

James F. Companion (#790)
Sandra K. Law (#6071)
401 Main Street
Wheeling, WV 26003
(304) 233-3390
*jfc@schraderlaw.com*
*skl@schraderlaw.com*

OF COUNSEL:
David I. Berl
Christopher J. Mandernach
Seth R. Bowers
Michael Xun Liu
Kevin Hoagland-Hanson
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC  20005
(202) 434-5000

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this day I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record as follows:

Gordon H. Copland
William J. O'Brien
Steptoe & Johnson PLLC
400 White Oaks Blvd.
Bridgeport, WV  26330

*/s/ Sandra K. Law*
Of Counsel